**PACIFIC COAST BUILDING PRODUCTS, INC., Plaintiff—Appellant,**

v.

**AIU INSURANCE COMPANY, Defendant—Appellee.**

No. 07–15137.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 22, 2008.

Filed Nov. 19, 2008.

Richard D. Shively, Esquire, Philip Pillsbury, Pillsbury, Pillsbury & Levinson, LLP, San Francisco, CA, for Plaintiff–Appellant.

Kevin G. McCurdy, Esquire, Rosemary J. Springer, Esquire, McCurdy & Fuller, LLP, Menlo Park, CA, for Defendant–Appellee.

Before: HUG, BRUNETTI and CLIFTON, Circuit Judges.

## MEMORANDUM *

This action stems from an insurance dispute between an insured, Pacific Coast

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Building Products, Inc. ("Pacific Coast"), and an excess insurer, AIU Insurance Company ("AIU"). Pacific Coast appeals the district court's judgment regarding the applicability of the horizontal exhaustion rule. We affirm.

California insurance law governs in this diversity case. *James B. Lansing Sound Inc. v. National Union Fire Ins. Co.,* 801 F.2d 1560, 1561 (9th Cir.1986). Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

Horizontal exhaustion applies where an excess policy, by its terms, is excess to all underlying insurance. *Olympic Ins. Co. v. Employers Surplus Lines Ins. Co.,* 126 Cal.App.3d 593, 600, 178 Cal.Rptr. 908 (1981). The California general rule is that, if a policy so provides, all primary insurance must be exhausted before a secondary insurer will have exposure. *Cmty. Redevelopment Agency v. Aetna Cas. & Sur. Co.,* 50 Cal.App.4th 329, 339, 57 Cal. Rptr.2d 755 (1996).

■ As an initial matter, we reject Pacific Coast's contention that the AIU policy is ambiguous and, as a result, we apply the plain meaning of the policy language. *Wells Fargo Bank v. California Ins. Guarantee Ass'n,* 38 Cal.App.4th 936, 942–943, 45 Cal.Rptr.2d 537 (1995). Here, the clear and explicit language of the AIU policy requires that "any other underlying insurance" first be exhausted before AIU, an excess carrier, would drop down to provide coverage to Pacific Coast. This language compels application of the horizontal exhaustion rule.

■ Because the horizontal exhaustion rule mandates exhaustion of "primary" insurance, Pacific Coast contends that the rule cannot apply here because the first level policies are not truly primary policies based upon the existence of SIRs (self-insured retentions). This argument also fails. The AIU policy expressly provides that the policy shall apply in excess of the retained limit, which is defined as the total of all applicable limits of the policies listed in the Schedule of Underlying Insurance, and "any other underlying insurance providing coverage" to Pacific Coast. As the district court properly determined, regardless of the first level policies' classification as excess or primary, the first level policies are still "underlying" the second level, AIU policy.

■ "In the case of successive policies, bodily injury and property damage that is continuous or progressively deteriorating throughout several policy periods is potentially covered by all policies in effect during those periods." *Montrose Chemical Corp. v. Admiral Ins. Co.,* 10 Cal.4th 645, 655, 42 Cal.Rptr.2d 324, 913 P.2d 878 (1995). We reject Pacific Coast's argument that this continuous trigger rule refers to only the potential for coverage, not actual coverage. "[T]he noun 'coverage' [means] 'inclusion within *the scope* of an insurance policy or protective plan.'" *Wells Fargo,* 38 Cal.App.4th at 948, 45 Cal.Rptr.2d 537 (quoting Webster's New Collegiate Dict. 262–263 (1977)). Thus, other first level policies were "providing coverage" to Pacific Coast because the underlying claims fell within the scope of those remaining policy periods. Furthermore, contrary to Pacific Coast's assertion, there is no requirement that the other underlying insurance be "collectible" in order to be "providing coverage." "[Coverage] has nothing to do with 'collectibility,' or the ability to take in payment." *Wells Fargo,* 38 Cal.App.4th at 949, 45 Cal. Rptr.2d 537 (quoting *Bernard Lumber v. Louisiana Ins. Guar.,* 563 So.2d 261, 266 (La.Ct.App.1990)) (internal quotation marks omitted).

Next, relying on *Montgomery Ward & Co. v. Imperial Cas. & Indem. Co.,* 81 Cal.App.4th 356, 97 Cal.Rptr.2d 44 (2000), Pacific Coast contends that application of the horizontal exhaustion rule is prohibited because it would *effectively* require Pacific Coast to exhaust all SIRs before reaching the AIU policy. The issue in *Montgomery Ward* was whether the insured had "to exhaust its SIR's on all potentially applicable policies before *any* insurer ha[d] any duty to indemnify [the insured]." *Id.* at 364, 97 Cal.Rptr.2d 44 (emphasis added). A first level insurer called upon to provide coverage cannot reduce its liability by "stacking" SIRs under other policies that covered the risk during the continuous injury period. *California Pac. Homes, Inc. v. Scottsdale Ins. Co.,* 70 Cal.App.4th 1187, 1194, 83 Cal.Rptr.2d 328 (1999). However, the fact that National Union, a first level insurer, satisfied its policy obligations, without first requiring Pacific Coast to exhaust all SIRs for the remaining policy years, distinguishes this case from *Montgomery Ward.*

■ Here, the application of the horizontal exhaustion rule does not require Pacific Coast to exhaust all SIRs applicable to *first level* policies before *any* coverage attaches under such policies. Rather, horizontal exhaustion requires the exhaustion of all *first level* insurance before coverage attaches under the *excess* policies. Therefore, case law prohibiting horizontal exhaustion of SIRs is inapposite.

■ Lastly, we reject Pacific Coast's remaining contention regarding AIU's duty to drop down and provide coverage because Pacific Coast's other primary policies have unexhausted SIRs, which it contends is not insurance at all. In *Padilla Constr. Co. v. Transportation Ins. Co.,* 150 Cal.App.4th 984, 988, 58 Cal.Rptr.3d 807 (2007), the court rejected this very argument. "[T]reating the [SIR] as a separate entity from the ... Primary Insurer's policy defeats the reasonable expectations of all the parties, including the insured. It obliterates the distinction between primary and excess insurance." *Id.* at 1003, 58 Cal.Rptr.3d 807. The SIR is not treated as separate and distinct from the primary policy, but rather "[it] is *itself* a creature of the primary policy." *Id.* Pacific Coast opted for an insurance plan inclusive of SIRs. AIU does not have a duty to provide coverage to Pacific Coast until all " 'primary insurance' in the form of a so-called 'self-insured retention' is exhausted," because that is the business arrangement Pacific Coast made. *See id.* at 1004, 58 Cal.Rptr.3d 807 (internal quotation marks omitted). Even though Pacific Coast argues AIU should have expressly stated its policy applied excess to other insurance *and* self-insurance, *cf. Nabisco, Inc. v. Transport Indem. Co.,* 143 Cal. App.3d 831, 192 Cal.Rptr. 207 (1983), an express reference to SIRs was unnecessary. *See Padilla,* 150 Cal.App.4th at 1004, 58 Cal.Rptr.3d 807. Because the SIRs are an inextricable part of the first level policies, the principle of horizontal exhaustion applies "with just as much force even if the excess insurer's [policy] does not contain a direct reference to 'self insurance.' " *Id.*

**AFFIRMED.**